FILED
2012 Oct-04  AM 09:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **VERONICA L. BARNETT,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. _____** |
| | ) | |
| **MRS BPO, LLC,** | ) | |
| | ) | |
| **DEFENDANT,** | ) | |

## COMPLAINT AND JURY TRIAL DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff, Veronica L. Barnett, is a natural person who resides in Tuscaloosa County, Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant, **MRS BPO**, LLC (hereinafter referred to as **MRS**) is a collection agency engaged in business in the State of Alabama, but maintains its principal place of business at the address of 1930 Olney Avenue, Cherry Hill, NJ 08003, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.    Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7.    The alleged debt at issue is related to an account with Chase Bank USA, N.A. for a credit card.

8.    Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

9.    On or about January, 2012, Plaintiff told Defendant, MRS, that she could not receive calls at work and instructed the Defendant, MRS, to cease calling her at work.

10.   On February 20, 2012, an employee of undersigned counsel faxed to Defendant a Notice of Legal Representation stating in part,

> **"The purpose of this letter is to provide you with written notice in your capacity as a creditor, collection agent, or collection attorney that this consumer debtor, now our client,**

**is in fact and in law Represented by an attorney. As a result of this notice, you are to immediately terminate any further direct or indirect contacts with our client".**

A copy of said letter and fax confirmation is attached hereto as exhibit "A."

11.  Defendant mailed to Plaintiff a demand for payment dated August 6, 2012 attempting to collect the debt at issue. A copy of said letter is attached hereto as exhibit "B." This "communication" is an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12.  During the week of August 6, 2012, Plaintiff received a phone call at her place of employment from Defendant, MRS, in an effort to collect a debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13.  During the phone conversation, Defendant MRS attempted to verify the Plaintiff's name and address. Defendant stated that they had 506 North 18th Street, Bessemer, Alabama as the address on file for the Plaintiff.    506 North 18th Street, Bessemer, Alabama is Plaintiff's counsel's address. Additionally, the debt collector proceeded to state the call was made in an effort to settle the debt she owed for $6,400.00.   Plaintiff told the debt collector that all calls needed to be directed to her attorney, S. Scott Allums.

The debt collector responded by asking Plaintiff if it was her intention to file a bankruptcy case.  The Plaintiff responded by stating that counsel was assisting her with her finances.

14.   Despite receiving notice from the Plaintiff that she could not receive phone call at work, Defendant continued to contact Plaintiff at work.  It is a prohibited communication for a debt collector to contact a consumer at their place of employment when the debt collector knows that the consumer's employer prohibits such communications.

15.   Despite receiving notice that the Plaintiff was represented by counsel, Defendant continued to contact Plaintiff.  It is a prohibited communication for a debt collector to contact a consumer once they know the consumer is represented by an attorney.

16.   Defendant started a campaign of deliberate intent to harass and oppress Plaintiff to force Plaintiff to pay Defendant.

17.   Instead of doing what is reasonable and what any honorable debt collector would do, however, Defendant has instead planned, executed, and carried out a collection scheme, plan, and campaign of harassment against Plaintiff.

18.   Defendant admits that it is a debt collector with respect to its conduct towards the Plaintiff.

19.   The above described collection communication made to Plaintiff by

Defendant, MRS, and its debt collectors was made in violation of provisions of the FDCPA, including, but not limited to 15 U.S.C. § 1692c(a)(2), 1692c(a)(3), 1692d, 1692d(5), 1692e(10), and 1692f.

20.    Upon information and belief, Defendant has not registered in the State of Alabama as a collection agency, and/or purchased a license required for collection agencies in order for it do business in this State pursuant to Ala. Code § 40-12-80.

### *Respondeat Superior Liability*

21.    The acts and omissions of this individual collector, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

22.    The acts and omissions by these individual employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

23.    By committing these acts and omissions against Plaintiff, these individual collectors were motivated to benefit their principal, Defendant.

24.    Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but

not limited to violations of the FDCPA and Alabama law, in their attempts to collect this debt from Plaintiff.

## SUMMARY

25.   All of the above-described collection communications made to Plaintiff by Defendant and collection agents of Defendant were made in violation of the FDCPA.

26.   The Defendant violated numerous sections of the FDCPA, including, but not limited to: 1692c(a)(2), 1692c(a)(3), 1692d, 1692d(5), 1692e(10), and 1692f.

27.   The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

28.   The above-detailed conduct by Defendant reflects its knowledge and appreciation for the harm that would naturally and likely happen to Plaintiff and with full knowledge thereof, Defendant willfully, maliciously, recklessly, and/or negligently undertook its actions, and it was successful in causing the harm to the Plaintiff that Defendant wanted to cause.

29.   This abusive collection practice by Defendant and its agents caused Plaintiff stress and anguish.

30.   Defendant's attempts to collect this debt from Plaintiff and refusal to stop

violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

31.    Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy, which was due to the illegal conduct of Defendant.

32.    The only way that abusive debt collectors like Defendant will stop their abusive practices towards consumers is by a jury verdict fully compensating Plaintiff for the harm done to Plaintiff and by a significant punitive damage award.

33.    A significant punitive damage award will get the attention of Defendant and other abusive collectors that attempt to gain an unfair competitive advantage over honorable, law abiding debt collectors so that they will realize that it no longer makes economic sense to abuse consumers.

34.    A full compensatory damage award and a full punitive damage award will accomplish the goals of Congress in passing the FDCPA - stop abusive collection practices against consumers and prevent dishonorable debt collectors from having an unfair advantage over collectors that operate

within the boundaries of the law.

## TRIAL BY JURY

35.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all

issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

36.   Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

37.   The foregoing acts and omissions of **Defendant** and its **agents** constitute

violations of the FDCPA including, but not limited to, each and every one of

the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with

respect to Plaintiff.

38.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to

actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

**reasonable** attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3),

from Defendant herein.

## COUNT II.

## INVASION OF PRIVACY

39.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

40.    Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

41.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:  **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.** 15 U.S.C. § 1692(a) (emphasis added).

42.    Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes: It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information. 15

U.S.C. § 6801(a) (emphasis added).

43.     Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

44.     Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

45.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

46.     The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

47.     The conduct of Defendant went beyond the bounds of reasonableness in the collection of the alleged debt for all of the reasons asserted in this Complaint and based upon the evidence which will be presented at trial.

48.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to

actual damages in an amount to be determined at trial from Defendant.

49.     All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

50.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

51.     Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

52.     Had Defendant hired competent debt collectors, the violations described in this Complaint would not have occurred.

53.     Had Defendant properly trained and/or supervised the debt collectors, the violations described in this Complaint would not have occurred. The Defendant carried out its hiring, supervision and training activities in a

negligent manner and also in a reckless, malicious, and/or intentional manner.

54.   Defendants knew that the actions it was taking against the Plaintiff would likely, and certainly, cause the exact type of injuries and damages that Plaintiff suffered at the hands of the Defendant.

## COUNT IV.

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

55.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

56.   Defendant owes a duty to anyone it comes in contact with to act reasonably so as to not unreasonably cause harm.

57.   Defendant owes a duty to consumers against whom it is collecting to act reasonably.

58.   All of the actions described in this Complaint demonstrate that the Defendant did not act reasonably towards the Plaintiff.

59.   The Defendant, by its described conduct, breached its duty to act reasonably towards Plaintiff.

60.   Defendant proximately caused injuries and damages to Plaintiff which were of the precise nature that Defendant anticipated causing when it breached its duty to act reasonably.

61.    Defendant knew, or should have known, that its conduct was likely to lead to the Plaintiff's injuries; yet it acted despite this knowledge.

62.    Defendant acted with full knowledge and with the design and intent to cause harm to Plaintiff.

63.    Defendant was successful in its design, intent, and plan to cause harm to Plaintiff, and this is the corporate policy of Defendant when dealing with consumers who do not pay debts that Defendant alleges are owed.

64.    Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

65.    Defendant violated all of the duties Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

66.    It was foreseeable, and Defendant did in fact foresee it, the actions of the Defendant would lead and did lead to the exact type of harm suffered by Plaintiff.

67.    Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

68.    As a result of this conduct, action, and inaction of Defendant, Plaintiff has

suffered damage as set forth in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.  VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,  15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT II.  INVASION OF PRIVACY

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent state law violations in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

## COUNT III.  NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

## COUNT IV.  NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

/s/ S. Scott Allums
S. Scott Allums (ASB-5967-n62a)
S. SCOTT ALLUMS, PC

Dated:  **October 3, 2012**

506 North 18th Street
Bessemer, Alabama 35020
Telephone:  (205) 426-7080
Facsimile: (205) 426-7090
ssallums@gmail.com
**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ALABAMA                            )
                                            )
COUNTY OF JEFFERSON                         )

Plaintiff, Veronica L. Barnett, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_Veronica L. Barnett_
Veronica L. Barnett

Subscribed and sworn to before me
this 3ʳᵈ day of October , 2012.

_Shannon J Weekley_
Notary Public

-17-